IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE CLOSNER,

    Petitioner,                       No. 2:11-cv-1531 KJN P

    vs.

J. PREMO,                              ORDER AND

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner raises three claims that his federal constitutional right to due process was violated by a 2009 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date.

        The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

1         A protected liberty interest may arise from either the Due Process Clause of the
2  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
3  expectation or interest created by state laws or policies." <u>Wilkinson v. Austin</u>, 545 U.S. 209,
4  221 (2005) (citations omitted). The United States Constitution does not, of its own force, create
5  a protected liberty interest in a parole date, even one that has been set. <u>Jago v. Van Curen</u>, 454
6  U.S. 14, 17-21 (1981); <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no
7  constitutional or inherent right of a convicted person to be conditionally released before the
8  expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory
9  language, 'creates a presumption that parole release will be granted' when or unless certain
10 designated findings are made, and thereby gives rise to a constitutional liberty interest."
11 <u>Greenholtz</u>, 442 U.S. at 12; <u>see also</u> <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 376-78 (1987) (a
12 state's use of mandatory language ("shall") creates a presumption that parole release will be
13 granted when the designated findings are made.).

14         California's parole statutes give rise to a liberty interest in parole protected by the
15 federal due process clause. <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 861 (2011). In California, a
16 prisoner is entitled to release on parole unless there is "some evidence" of his or her current
17 dangerousness. <u>In re Lawrence</u>, 44 Cal.4th 1181, 1205-06, 1210 (2008); <u>In re Rosenkrantz</u>, 29
18 Cal.4th 616, 651-53 (2002). However, in <u>Swarthout</u> the United States Supreme Court held that
19 "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive
20 federal requirement." <u>Swarthout</u>, 131 S. Ct. at 862. In other words, the Court specifically
21 rejected the notion that there can be a valid claim under the Fourteenth Amendment for
22 insufficiency of evidence presented at a parole proceeding. <u>Id.</u> at 862-63. Rather, the protection
23 afforded by the federal due process clause to California parole decisions consists solely of the
24 "minimal" procedural requirements set forth in <u>Greenholtz</u>, specifically "an opportunity to be
25 heard and . . . a statement of the reasons why parole was denied." <u>Swarthout</u>, 131 S. Ct. at 862-
26 63.

1    Here, the record reflects that petitioner was present at the 2009 parole hearing,
2    that he participated in the hearing, and that he was provided with the reasons for the Board's
3    decision to deny parole. (Dkt. No. 1-1 at 68-76.) According to the United States Supreme Court,
4    the federal due process clause requires no more. Therefore, petitioner's application for a writ of
5    habeas corpus should be denied.

6    In addition, petitioner requested the appointment of counsel. There currently
7    exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner,
8    105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of
9    counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R.
10   Governing § 2254 Cases. In the present case, the court does not find that the interests of justice
11   would be served by the appointment of counsel.

12   In accordance with the above, IT IS HEREBY ORDERED that:
13   1. The Clerk of the Court is directed to assign a district judge to this case;
14   2. Petitioner's June 7, 2011 request for appointment of counsel is denied without
15   prejudice; and

16   IT IS RECOMMENDED that petitioner's application for writ of habeas corpus be
17   denied.

18   These findings and recommendations are submitted to the United States District
19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
20   one days after being served with these findings and recommendations, any party may file written
21   objections with the court and serve a copy on all parties. Such a document should be captioned
22   "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files
23   objections, he shall also address whether a certificate of appealability should issue and, if so, why
24   and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
25   the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
26   § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after

1  service of the objections. The parties are advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).
4  DATED: June 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

clos1531.157